# Hartford Fire Ins. Co. v. Abner Orr, Assignee of Willis B. Cauble.

1. INSURANCE—*Change of Possession and Title of Insured Property.*—A condition of a policy of insurance providing that the insurance shall be forfeited if the interest of the assured shall be other than sole and unconditional ownership, or if any change other than by death of the assured takes place in the interest, title or possession of the property insured, is broken by a voluntary assignment by the assured of the property insured, for the benefit of creditors.

2. SAME—*Waiver of Conditions.*—An agent with authority to accept risks, fix rates and sign policies, etc., issued a policy for one year, and at the expiration of the year issued a renewal receipt for another year, the premium for which was not paid. After a fire occurred the agent, with full knowledge thereof, notified the assignee of the insured (he having since the renewal and before the fire made an assignment), that unless the premium was paid the insurance would be canceled for non-payment. On the day following, the assignee paid the premium and took the renewal receipt in his name. *It was held* that these acts were equivalent to a waiver of all objections growing out of the transfer and change of title, interest and possession by means of the assignment.

3. SAME—*Who is a General Agent.*—A resident agent of an insurance company having general authority to issue policies and renewals, to fix rates and accept risks, to collect premiums and to cancel insurance for the company and perform all the duties of a recording agent, may be termed a general agent for the locality.

4. SAME—*What Acts Estop the Company—Waiver of Conditions.*—An insurance company by its agent issued a renewal of a policy without a payment of the premium therefor, and after a loss, with full knowledge of the same, made a demand for and received the premium, and after the commencement of a suit to recover for the loss the company attempted to return the money. *It was held* that the attempt by the company to obviate the effect of what had been done by offering to return the premium could not avail. Having demanded and received the money and having held it for a substantial period of time, it could not be permitted to undo its action and place itself *in statu quo* without the consent of the other party.

5. INSURANCE—*Assignment of Policy—Waiver of the Right to Object—Estoppel.*—An insurance company issued a policy and renewed the same at the end of a year without insisting on the payment of the premium in advance. After the renewal the insured made an assignment of the property for the benefit of his creditors and a loss occurred, after which and with a full knowledge of the same the agent demanded of the assignee and received of him the full payment of the premium. *It*

*was held* that by receiving the unpaid premium from the assignee the company waived its right to object to the assignment and could not be heard to say that the policy was assigned without its consent.

6. WAIVER—*Assignment of Insurance Policies.*—Where there is a waiver of all objections to the change in title, interest or possession growing out of an assignment of an insurance policy, thereby continuing the policy as a valid and subsisting contract, the enforcement of which is vested in the assignee, nothing more is necessary.

Memorandum. — Assumpsit.    In the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Declaration on a policy of insurance; plea, general issue; jury waived and trial by the court; finding and judgment for plaintiff; appeal by defendant.    Heard in this court at the November term, 1894.    Reversed and judgment entered in this court.    Opinion filed February 11, 1895.

APPELLANT'S BRIEF, THOMAS BATES AND LAWRENCE & LAWRENCE, ATTORNEYS.

An insurance company has a right, in a fair way, to limit the powers of its agent, and when it does impose such limitations upon his authority, in a way that no prudent man ought to be mistaken in reference thereto, it is not bound by an act done by its agent in contravention of such notice. Zimmerman v. Home Ins. Co., 77 Ia. 685; 42 N. W. Rep. 462; Merserau v. Phoenix Life Ins. Co., 66 N. Y. 274; Walsh v. Hartford Ins. Co., 73 N. Y. 5; Loring v. Manufacturers Ins. Co., 74 Mass. (3 Gray) 32; Catior v. Am. Life & Trust Co., 33 N. J. L. 487.

A local agent has no authority whatever to waive any conditions of a policy after the loss has occurred.

It can not be held that the authority of an agent to receive proposals for insurance and countersign and deliver policies, extends to adjusting losses or waiving the stipulated proofs of loss, or binding the company to pay without them; neither can it be held that the mere fact that such an agent assuming in a particular case to do this, establishes his authority. Bush v. Westchester Fire Ins. Co., 63 N. Y. 531; Lohnes v. Insurance Co., 121 Mass. 439; Harrison v. Ins. Co., 9 Allen (Mass.) 231; Tate v. Ins. Co., 13 Gray (Mass.) 79; Wood on Insurance (2d Ed.), 870.

APPELLEE'S BRIEF, W. J. CALHOUN AND H. M. STEELY, ATTORNEYS.

Any act of the company or its agents, showing knowledge of conditions, or a failure to take advantage of and insist on a forfeiture after knowledge, will amount to a waiver of the right of forfeiture; and it is always competent for the party who is to be benefited by the forfeiture to waive such right. By some this waiver is said to operate by way of estoppel. Reaper City Ins. Co. v. Jones, 62 Ill. 458; Lycoming Ins. Co. v. Barringer, 73 Ill. 230; Williamsburg C. Ins. Co. v. Cary, 83 Ill. 453; Schrimp v. Cedar Rapids Ins. Co., 124 Ill. 354; N. B. & M. Ins. Co. v. Steiger, 26 Ill. App. 228; Life Ins. Co. v. Amerman, 119 Ill. 335; Phenix Ins. Co. v. Hart, 149 Ill. 513; 1 May on Ins., Sec. 145; Note 2, 11 Am. & Eng. Ency. Law, pp. 339–340.

Where insured is guilty of some breach of the conditions of his policy, and insurer, with full knowledge thereof, and while the risk is pending, accepts a maturing premium, or does any other act recognizing a continued validity of the policy, this will waive a forfeiture for the breach. Schrimp v. Cedar Rapids Ins. Co., 124 Ill. 354; Germania Fire Ins. Co. v. Hick, 125 Ill. 361; Williamsburg C. F. Ins. Co. v. Cary, 83 Ill. 453.

This waiver, by acceptance of premium, or other act, may take place as well after a loss as before. In such case the policy is not simply revived as to the future, but it thereby restores to it its power and force from the beginning. Phenix Ins. Co. v. Tomlinson, 125 Ind. 84; Ins. Co. v. Custer, 128 Ind. 25; Replogle v. Ins. Co., 132 Ind. 360; Masonic Mut. Ben. Ass'n v. Beck, 77 Ind. 203; Continental Ins. Co. v. Chew, 38 N. E. Rep. 417; Joliffee v. Ins. Co., 39 Wis. 111; N. B. & M. Ins. Co. v. Steiger, 26 App. 228; Life Ins. Co. v. Amerman, 119 Ill. 335; Phenix Ins. Co. v. Hart, 149 Ill. 513; 1 May on Ins., Sec. 145; Note 2, 11 Am. & Eng. Ency. Law, pp. 339–340.

Where insured is guilty of some breach of the conditions of his policy, and insurer, with full knowledge thereof and while the risk is pending, accepts a maturing premium, or

does any other act recognizing a continued validity of the policy, this will waive a forfeiture for the breach. Schrimp v. Cedar Rapids Ins. Co., 124 Ill. 354; Germania Fire Ins. Co. v. Hick, 125 Ill. 361; Williamsburg C. F. Ins. Co. v. Cary, 83 Ill. 453.

The waiver, by acceptance of premium or other act, may take place as well after a loss as before. In such case the policy is not simply revived as to the future, but it thereby restores to it its power and force from the beginning. Phenix Ins. Co. v. Tomlinson, 125 Ind. 84; Ins. Co. v. Custer, 128 Ind. 25; Replogle v. Ins. Co., 132 Ind. 360; Masonic Mut. Ben. Ass'n v. Beck, 77 Ind. 203; Continental Ins. Co. v. Chew, 38 N. E. Rep. 417; Joliffee v. Ins. Co., 39 Wis. 111; Smith v. Ins. Co., 3 Dak. 80; Cohen v. Ins. Co., 67 Tex. 325; Phenix Ins. Co. v. Lansing, 15 Neb. 494; Lyon v. Travelers' Ins. Co., 55 Mich. 141; 11 Am. & Eng. Ency. Law, 340–342 and note 9.

One authorized to issue policies, attach stipulations, collect premiums and to transact the business of the company in the particular locality, is a general agent. Such an agent may waive conditions in the policy, notwithstanding a clause therein forbidding it or limiting his authority, or making him agent of assured, and notice to him is notice to the company. Continental Ins. Co. v. Ruckman, 127 Ill. 372; Pitney v. Glens Falls Ins. Co., 65 N. Y. 6; Viele v. Germania Ins. Co., 26 Iowa 9; 1 May on Ins., Sec. 126; Niagara Fire Ins. Co. v. Brown, 123 Ill. 356; Manufacturers', etc., Ins. Co. v. Armstrong, 145 Ill. 469; Phenix Ins. Co. v. Hart, 149 Ill. 513.


MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This action was two policies of insurance, one for $3,000 on a two-story brick building used for business purposes, the other for $1,000 on chairs, carpets, scenery, opera boxes and piano contained in the second story of the building.

The insured made an assignment for the benefit of cred-

itors on the 4th of August, 1893, and the fire occurred on the 9th of the same month, as stated in the three preceding cases.

Each policy contained a clause to the effect that it should be void, unless otherwise provided by agreement indorsed thereon or added thereto, "if the interest of the assured be other than sole and unconditional ownership, or if any change other than by the death of the insured take place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process or judgment or by voluntary act of the insured or otherwise." The plaintiff recovered the amount of both policies. We are disposed to hold here, as in the preceding case of the National Insurance Company against Orr, that the first condition as to the sole and unconditional ownership was satisfied if such was the character of ownership when the policy was issued, but that the second condition that there should be no change in the interest, title or possession of the subject of insurance was broken by the deed of assignment and possession thereunder.

It is insisted, however, that notwithstanding this objection the company may be held on another ground, to wit, the demand and receipt from the assignee of the unpaid premium on the renewal.

It appears that these policies (and others in other companies covering the dwelling house of said Cauble) were issued by C. H. Hathaway, who was an agent for the appellant company at Ridge Farm. His agency was known "as a recording agency, and he had authority to issue, accept risks, fix rates and sign policies of insurance for said defendant, to collect premiums, to issue renewal receipts, to cancel insurance and renewals thereof, and generally to transact insurance business for said company in said town of Farm Ridge, Illinois, and vicinity, and to perform all the duties incident to a recording agency," as is stated in a stipulalation of facts which was offered in evidence.

The policy for $3,000, numbered 839, was issued May 12,

1892, for one year, and on the 12th of May, 1893, the said Hathaway, as such agent, issued to Cauble a renewal thereof for one year, and received from him the premium therefor. The policy for $1,000, numbered 883, was issued the 21st of July, 1892, for one year, for which the premium was paid, and on the 21st of July, 1893, the said agent issued to said Cauble a renewal receipt, No. 613, for one year, the premium for which was not then paid. After the fire, and with knowledge of the same, the said Hathaway wrote to the assignee as follows:

RIDGE FARM, ILL., Sept. 8, 1893.
Original Notice.

To Mr. Ab. Orr, Assignee of Dr. Cauble:

You are hereby notified that payment has not been made at this office of the premium, $63, for policies 424, 948, 883, 613, renewal upon dwelling and contents of opera house, issued in the Hartford Fire Insurance Co., of Hartford, Conn., and that unless the premium shall be paid on or before the 11th day of September, 1893, we shall cancel the insurance under said policies upon the books, for non-payment of premium.

Yours respectfully,
C. H. HATHAWAY,
Agent for Ins. Co. of Hartford, Conn.

On the next day the assignee paid to said agent the sum of $13.50 due on said renewal, and thereupon said agent gave him the following receipt:

RIDGE FARM, Ill., Sept. 9, 1893.

Received of Ab. Orr, assignee of Dr. Cauble, $13.50, on policy No. 883, renewal 613, Hartford Insurance Co.

C. H. HATHAWAY,
Agent.

This money was, as we infer, transmitted to the company. On the 30th day of January, 1894, some two weeks after this, suit was commenced and process thereon served upon its agent. The company sent its check for $13.50 to the assignee, inclosed in the following letter:

Chicago, January 30, 1894.

Abner R. Orr, assignee of Dr. W. B. Cauble, Sidell, Ill.

Dear Sir: Inclosed find check for $13.50, payable to your order, repaying to you the amount of premium improperly collected from you, as assignee, by Agent Hathaway, of Ridge Farm, for policy No. 883, issued to Dr. Cauble a few days after his assignment and fire. Our attorney, Mr. Bates, having just notified us of it, we therefore hasten to return the same to you, and remain,

Yours very truly,

P. J. Hobbs, Adjr.

Two days later the assignee returned the check, saying he could not receive it, and that he had paid the money on the order of the County Court, after notice from the agent, Mr. Hathaway, that such payment must be made. So far as shown by the record, nothing further was said or done on either side as to this matter. The question arises, what was the legal effect of this transaction?

It appears that Hathaway had general authority to issue policies and renewals; to fix rates; to accept risks; to collect premiums; to cancel insurance for the company, and perform all the duties incident to a recording agency. He might be termed a general agent for that locality. May on Ins., Sec. 126; Continental Ins. Co. v. Ruckman, 127 Ill. 364.

He had power to make a new contract of insurance, and to waive errors and irregularities in reference to an old one. We think his act, after knowledge of the fire and that Orr was the assignee of Cauble, in demanding payment from Orr of the unpaid premium on the renewal, with the declaration that unless paid by the day named the policy would be declared canceled, coupled with the payment made and accepted in pursuance of such demand, was equivalent to a waiver of all objections growing out of the transfer and change of title, interest and possession by means of the assignment. It seems that this demand by the agent was made with no little deliberation, for the letter was sent by registered mail, so that the proof of its delivery to the as-

signee might be easily established, and that, although the money was paid to him on the 9th of September, and presumably transmitted to the company without delay, it was retained by the company until January 30th, more than four months after its payment.

There is no proof that this demand was in violation of any instruction from the company to its agent, or even that it was without authority, or that in receiving it from the agent the executive officers of the company did not know what it was. The attempt by the company to obviate the effect of what had been done by offering to return the money, can not avail. Having demanded and received the money, and having held it for a substantial period of time, it can not be permitted thus to undo its own action and thereby place itself in *statu quo* without the consent of the other party.

The waiver thus established amounts also to consent to the assignment of the policy which was involved, and included in the general assignment of all the property of the assured to Orr. By accepting from Orr, as assignee, the amount of unpaid premium, the assignment to Orr was distinctly recognized, and he having, in pursuance of the demand and of the order of the County Court, appropriated a part of the funds of the estate to the payment, the company can not be heard to say that the policy was assigned without its consent. Indeed, since by the statute, Sec. 11 of the act in relation to voluntary assignments, the assignee may sue in his own name for anything appertaining to the estate, the assignment of the property is, perhaps, of itself, a sufficient transfer of the policy thereon, and when the company, with full knowledge of the facts, recognizes the character of the assignee and receives money from him in that capacity, and thereby waives all right of objection to such assignment of the property, such action of the company may be treated as equivalent to consent to the assignment of the policy.

Perhaps a more accurate statement is that as there is a waiver of all objection to the change in title, interest or

possession growing out of the assignment, thereby continuing the policy as a valid and subsisting contract, the enforcement of which is by the statute vested in the assignee, nothing more is necessary.

We are of opinion that as to this policy for $1,000, the plaintiff had a good cause of action, but we are unable to agree with counsel that the same is true as to the other policy.

The mere fact that the two policies were issued by the same company through the same agency can not render the company liable alike upon both policies. There was nothing whatever done with regard to the policy upon the building which was renewed in May when the premium was paid. Whatever was done by the agent or the company after the assignment, related wholly to the policy for $1,000, which was upon the contents of the building.

It follows that in our opinion the judgment was right so far as it enforced liability on policy No. 883, for $1,000, but that it was erroneous so far as it included also the other policy No. 839 for $3,000. The judgment will therefore be reversed and judgment will be entered in this court for the appellee against the appellant for $1,060.50, being the amount of the policy for $1,000, and interest thereon. The appellant will pay the costs below and one-half the costs in this court; the appellee will pay the residue. Reversed, and judgment in this court.